UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by PG D.C.
MAY 17 2016
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. - MIAMI

THOMAS MACKENZIE
Petitioner

vs.

SEC. DEPT. of CORR.
STATE OF FLORIDA
Respondent

Habeas No:
State L.T. NO: 2010 CF 319 A

PROVIDED TO TOMOKA CI
ON 5/11/16
FOR MAILING BY ✓

PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

1. Court and Location / Judgment of Conviction:

   Circuit Court 19TH Judicial Circuit
   Indian River County
   State of Florida

   Case NO: 2010-CF-319-A

2. Date of Judgment of Conviction:

   September 1, 2011

3. Length of Sentence: 20 years DOC.

4. Was not convicted of more than one crime.

5. Convicted of: Home Invasion Robbery

cat/div 530/2254/MIA
Case # _____
Judge ____ Mag WHITE
Motn Ifp NO Fee pd $ —
Receipt # _____

6. Plead not Guilty

7. Did <u>not</u> testify at pretrial, trial or post trial.

8. <u>Did</u> appeal Judgment and Sentence

9. Name of Court of Appeal:

   Fourth District Court of Appeal
   Case Number 4D11-3574
   Per Curriam Affirmed
   Date:
   Unknown citation

   Ground Raised:

   State failed to prove Home-Invasion Robbery.

10. Other motions Filed:

    19TH Judicial Circuit
    Case No: 2010-CF-319-A
    Date:
    Motion For Post Conviction Relief / 3.850

    Grounds Raised:

    1. Counsel unreasonably failed to discover that Mr. Mackenzie was not a habitual offender until the initial plea offer expired.

2. Counsel unreasonably failed to investigate the single most important piece of evidence until the initial plea offer expired and the amended indictment charge Mr. Mackenzie with a life-eligible felony

A hearing was held.

11. Hearing was held in:

   19TH Judicial Circuit Court
   Indian River County
   State of Florida
   Case No: 2010-CF-319-A
   Date of Filing:
   Nature: Motion for Post Conviction Relief

Result of hearing: Denied
Date: July 9, 2015

Appealed to:

   4TH District Court of Appeal
   Case No: 4D15-3021
   Date Filed: October 12, 2015
   Nature: Appeal of Post Conviction Motion

Ground Raised

   1. The lower court erred by not finding that Mr. Mackenzie's counsel's performance was constitutionally deficient.

2. The lower court erred in finding that counsel's deficient performance did not prejudice Mr. Mackenzie.

Did **not** receive a hearing.
Result: PCA
Date: April 28, 2016

Filed motion for rehearing in:

4TH District Court of Appeal
Case No: 4D15-3021
Date: May 9, 2016
Nature: Motion For Rehearing

12. Grounds:

GROUND ONE:

The lower court erred by not finding counsel's performance constitutionally deficient where counsel failed to discover that Mr. Mackenzie was not a habitual felony offender until the initial plea offer expired.

SUPPORTING FACTS

Mr. Mackenzie's case suffered from a fundamental breakdown during plea negotiations. The evidentiary hearing clearly shows that the State proceeded as though Mr. Mackenzie

were a habitual felony offender ("HFO") subject to a 30-year sentence on the original charges. The 15-year offer demonstrated the State's willingness to negotiate. Trial counsel clearly did not realize that Mr. Mackenzie was not an HFO, even after Mr. Mackenzie informed him, until it was too late to negotiate any agreement on that basis.

The petitioner appealed this ground to the highest state court.

This issue was raised through a post conviction motion in a state trial court.

GROUND TWO:

The lower court erred by not finding counsel's performance constitutionally deficient where counsel failed to discover the meaning of the lot numbers on the bottles of Heineken in time to advise Mr. Mackenzie that a plea was in his interest.

SUPPORTING FACTS

Trial counsel unreasonably delayed investigation until after the plea, Mr. Mackenzie had been charged with a felony punishable by life. Although the jury did not hear the exact meaning of the numbers by an expert, they may have

concluded that the only Heineken bottles in the world to share the numbers were the ones in the six-pack at the victim's house. Trial counsel should have determined earlier that he could not present evidence to ameliorate the impact of the identification numbers.

The petitioner appealed this issue to the highest state court.

This issue was raised through a post conviction motion in a state court.

### GROUND THREE:

The lower court erred by focusing on the absense of a Heineken representative at trial. The trial court failed to engage with the relevant legal question: whether it was reasonbly likely that Mr. Mackenzie would have accepted a plea offer if he had been advised that the lot numbers on the bottles were the functional equivalent of fingerprints.

### SUPPORTING FACTS

In addition to misadvice about his sentencing exposure, trial counsel rendered deficient performance by failing to investigate the identification number and apprise Mr. Mackenzie

of the strength of the State's case, Mr. Mackenzie was accused of a serious crime for which the maximum appeared to be thirty years. Nevertheless, trial counsel waited until Mr. Mackenzie was charged with a felony punishable by life to start his investigation.

The lower court's finding that " no evidence of the numbers on any beer bottle were admitted at trial" (R. 890) is clearly erroneous, because the jury heard testimony that the number matched and that the investigator felt they were significant. (Tr. 314-15)

The relevant question is whether there is <u>a reasonable probability</u> that Mr. Mackenzie would have accepted the plea offer if he had been adequately advised.

The petitioner appealed this issue to the highest state court.

This issue was raised through a post conviction motion.

GROUND FOUR:

The lower court erred by not finding that the State unconstitutionally failed to prove all the elements of home-invasion robbery.

SUPPORTING FACTS

The State failed to prove home-invasion robbery. State did not prove that Mr. Mackenzie used force, violence, assault or putting in fear in the course of taking money from Ms. Emmons, nor did they prove Mr. Mackenzie intended to rob Ms. Essons at the time he entered the home.

The petitioner appealed this issue to the highest state court.

The issue was raised during trial and appealed on direct appeal.

13. All grounds raised in this petition have been presented to the highest state court having jurisdiction.

14. I have not filed any type of petition, application, or motion in a federal court regarding the conviction challenged here.

15. No petitions are pending. Petitioner is filing petition for writ of certiorary in the United States Supreme Court.

16. Attorney Names

   Preliminary — Sentencing: Blake Smith
   Appeal: Peggy Natalie
   Post Conviction: Gray Proctor
   Appeal: Gray Proctor

17. No future sentences are to be served

18. This petition is timely pursuant 28 USC § 2254 and § 2244.

Wherefore the petitioner asks that the Court reverse and remand for further proceeding that are constitutionally correct and proper.

OATH/CERT. OF SERVICE

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system this 30 day of April, 2016.

Thomas Mackenzie
Prisoner No: 620713
Tomoka C.I.
3950 Tiger Bay Rd
Daytona, Fl. 32124

Thomas W Mackenzie    # 620713 / F1 26-L
Tomoka Correctional Institution    (Main Unit)
3950 Tiger Bay Rd
Daytona Beach, FL 32124



USMS INSPECTED

MAILED FROM A STATE CORRECTIONAL INSTITUTION

RECEIVED



U.S. District Court Clerk's Office
Southern District of Florida
400 North Miami Avenue
Miami, Fl. 33128-7716

33128-771699