UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.16-14169
(Magistrate Judge P.A. White)

| | |
|---|---|
| THOMAS MACKENZIE | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| Sec'y, Fla Department of Corrections, | ) ) |
| | ) |
|     Respondent. | ) |

**RESPONSE TO MOTION TO REOPEN**
**THE TIME TO FILE NOTICE OF APPEAL**

COMES NOW Respondent, by and through the under signed counsel, respectfully requests that the motion be denied, and as grounds states:

1. Rule 4(a)(6), Fed. R.App. P., authorizes the district court to reopen the time to file an appeal for "14 days after the date when its order to reopen is entered." To enter an order reopening the time to file an appeal, a district court must find that **all** of the following conditions are satisfied: (1) the moving party did not receive notice of entry of the judgment or order within 21 days of entry; (2) the motion to reopen is filed within 180 days after the judgment or order

1

       is entered, or within 14 days after the moving party receives notice of the entry, whichever is earlier; and (3) no party would be prejudiced. Fed. R.App. P. 4(a)(6); see <u>Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.</u>, 279 F.3d 1306, 1311 (11th Cir.2002).

2. Because Rule 4(a)(6) "provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered," the time to reopen may not be extended if a party fails to meet any of Rule 4(a)(6)'s requirements. <u>Vencor Hosps., Inc.</u>, 279 F.3d at 1311 (citation and quotation marks omitted).

3. This Court must deny to the motion because the petitioner has not satisfied the required conditions.  On August 31, 2017 this Court entered an order adopting the magistrate report and declined to issue a certificate of appealability (DE 17). This pleading was not served on the incarcerated petitioner, rather, this Court properly served Counsel of Record, Gray R. Proctor (DE 17).  Counsel does not allege nor has he established that he was not timely served. Thus he cannot establish condition 4(a)(6)(A), as this Court's order was properly served.

4. Furthermore, Counsel for Petitioner admits that he did not inform Petitioner of the Order until September 21, 2017, however this does not change the fact that Counsel was

      properly served and that this was prior to the expiration of the time to file an appeal. Even considering that the Petitioner was not informed of the order until September 21, 2017, the instant motion was filed on October 18, 2017, more than 14 days after Petitioner was put on notice of the order that was issued on August 31, 2017. Thus he cannot establish that condition 4(a)(6)(B) was met, as the instant motion was filed 27 days after Petitioner was put on notice that the order had issued.

5. Thus, this Court is not permitted to reopen the time for filing the appeal because he has not satisfied the required conditions of Fed. R. App. P. 4(a)(6). See <u>Scott v. Warden</u>, 572 Fed. Appx. 896 (11th Cir. 2014); <u>Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co.</u>, 279 F.3d 1306, 1311 (11th Cir.2002).

    WHEREFORE, Respondent respectfully requests that this Honorable Court deny the motion to reopen the time to file a notice of appeal.

                                      Respectfully submitted,
                                      PAMELA JO BONDI
                                      ATTORNEY GENERAL
                                      <u>S/Melanie Dale Surber</u>
                                      MELANIE DALE SURBER
                                      ASSISTANT ATTORNEY GENERAL
                                      Florida Bar # 0168556
                                      1515 N. Flagler Drive,
                                      9th Floor
                                      West Palm Beach, FL 33401
                                      (561) 837-5000
                                      (561) 837-5099 (fax)

COUNSEL FOR RESPONDENT

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 19, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served electronically via CM/ECF to Gray R. Proctor, Counsel for Petitioner at gray@appealsandhabeas.com.

/s/ Melanie Dale Surber<br>Counsel for Respondent